```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

JOHNNY A. BASS, SR., DAVID H. CAMPBELL                    PLAINTIFFS
WILBERT P. GARDNER, HAROLD ADES AND
ROBERT HINES

VS.                                 CIVIL ACTION NO. 3:09CV549TSL-FKB

CITY OF JACKSON, MISSISSIPPI                                DEFENDANT

ORDER

This cause is before the court on the June 22, 2010 motion of plaintiffs for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. On June 30, 2010, defense counsel responded to the motion by withdrawing the objectionable statement.[1] Accordingly, the motion for sanctions is due to be

---

[1] By his reply submission, plaintiffs' counsel urges that defendant's June 30, 2010 withdrawal of the objectionable statement comes too late because his March 8, 2010 response to defendant's motion to dismiss gave defense counsel notice of the objectionable statement as is required under Rule 11(c)(2) and counsel failed to timely avail herself of this opportunity to withdraw it. This, however, is not the case. Rule 11(c)(2) does not merely require that notice of the objectionable statement be given so as to trigger the 21-day window wherein counsel can withdraw an objectionable statement. Instead, Rule 11(c)(2) requires that a motion be made and that the motion be made separately from any other motion. Here, a separate motion for sanctions was not made until June 22, 2010, such that defense counsel's June 30, 2010 withdrawal is effective.

The court further observes that, contrary to procedure set forth in Rule 11(c)(2), plaintiffs' counsel both served and filed his motion with the court on the same day. See Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). Accordingly, the motion is also due to be denied based on plaintiffs' counsel's failure to comply with this provision.

denied.[2]

Based on the foregoing, it is ordered that plaintiffs' motion for sanctions is denied.

SO ORDERED this the 26th day of July, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2] For defense counsel's future reference, § 2617(2) of the Fair Labor Standards Act provides that an employee has the right to maintain an action against his employer "in any Federal or State court of competent jurisdiction." As a plaintiff may properly bring his FLSA claim in state court, it is the City of Jackson's preference to litigate these claims in a federal forum which has caused it to incur removal fees, and not plaintiffs' counsel's failure to file their claims in the proper forum as has been maintained by defense counsel.