# AGREEMENT

THIS AGREEMENT, by and between the Board of Trustees of the

## *Public Employees Retirement System*

### OF MISSISSIPPI

on and behalf of the State of Mississippi, hereafter referred to as the

### STATE AGENCY

and

<u>            CITY OF JACKSON, MISSISSIPPI            </u>

the governing body of the County, Municipality, or other political subdivision or instrumentality hereinafter referred to as the POLITICAL SUBDIVISION;

WITNESSETH, that it is hereby mutually agreed by and between the parties hereto that the provisions of Senate Bill No. 273, Regular Session, Mississippi Legislature of 1952, Approved April 15, 1952, shall be extended to the employees of said POLITICAL SUBDIVISION, subject to the following terms and conditions:

EXHIBIT "C"

## ARTICLE I.—SOCIAL SECURITY COVERAGE

AGREEMENT:

(A) It is agreed by and between the contracting parties that the terms and conditions stated in this agreement shall be in conformity with said Senate Bill No. 273, being the Social Security Enabling Act of the State of Mississippi. It is further agreed that the APPENDIX hereto attached is by reference made a part hereof as fully as though it were herein set forth at length.

(B) **DEFINITIONS**

For the purpose of this agreement:

(1) The term "political subdivision" includes an instrumentality of (a) the State, (b) one or more political subdivisions of the State, or (c) the State and one or more of its political subdivisions, but does not include a joint instrumentality of this and any other State or States.

(2) The term "employee", means an employee as defined in Section 210 (k) of the Social Security Act and shall include an officer of the State or of a political subdivision thereof.

(3) The term "retirement system" means a pension, annuity, retirement, or similar fund or system established by the state or by a political subdivision thereof.

(4) A "coverage group" means a coverage group as defined in Section 218 (b) (5) of the Social Security Act.

(C) **SERVICES COVERED**

This agreement includes all services performed by individuals as employees of the POLITICAL SUBDIVISION,

EXCEPT:

(1) Any service which, in the absence of an agreement entered into would constitute "employment," as defined in the Social Security Act.

(2) Any service performed by an employee in a position which, on the effective date specified under part (J), or on the effective date of any modification thereof, whichever is later, is covered by a retirement system.

(3) Any (a) services of an emergency nature, or (b) services in any class or classes of elective positions, or (c) part-time positions, or (d) positions the compensation for which is either in whole or in part on a fee basis, if so specified in the appendix to this agreement or in any modification thereof with respect to any coverage group or political subdivision listed therein.

(4) Service performed in a hospital, home, or other institution by any patient, student or inmate of the institution.

(5) Service in positions covered by a retirement system established by the State, a political subdivision or an instrumentality of either on the date of this agreement, or any modification of this agreement, is made applicable to the coverage group (as defined in Section 218 (b) (5) of the Social Security Act) to which the employee performing such service belongs.

(6) Any (a) agricultural labor or (b) service performed by a student, if so specified in the appendix to this agreement or in any modification thereof with respect to any coverage group or political subdivision listed therein. This paragraph shall apply only with respect to service which is excluded from employment by any provision of Section 210 (a) other than paragraph (8) of such Section of the Federal Social Security Act.

(D) **CONTRIBUTIONS BY THE POLITICAL SUBDIVISION**

(1) The POLITICAL SUBDIVISION as a part of this agreement hereby agrees to pay to the STATE AGENCY, at such time or times as the STATE AGENCY may by regulation prescribe, amounts equivalent to the sum of taxes imposed by Sections 1400 and 1410 of the Internal Revenue Code if the services of the employees covered by this agreement constituted employment as defined in Section 1426 of such Code.

(2) The POLITICAL SUBDIVISION as a part of this agreement hereby agrees to reimburse the STATE AGENCY by separate payment, at such time or times as the STATE AGENCY may by regulation prescribe, its pro rata share of the total expenses of administration, payable at the rate of five per cent (5%) of the total contributions due the STATE AGENCY which may be reduced hereafter by the STATE AGENCY if conditions warrant, but said rate of five per cent (5%) shall not be increased, except that no such payment for administration expense shall be less than $1 per quarter.

**(E) COMPLIANCE WITH THE LAW AND REGULATIONS**

The POLITICAL SUBDIVISION further agrees that it will comply with all Federal and State laws and with such Rules and Regulations as the STATE AGENCY may prescribe to carry out the purposes of Section 218 of the Social Security Act, as amended.

**(F) MODIFICATION**

This agreement will be modified at the request of the POLITICAL SUBDIVISION to include additional employees or additional services not now included in this agreement, such modification to be consistent with the provisions of Section 218 of the Social Security Act, as amended, but no modification shall be allowed to exclude employees or services included in this agreement.

**(G) TERMINATION BY THE POLITICAL SUBDIVISION**

The POLITICAL SUBDIVISION, upon giving at least two years' advance notice in writing to the STATE AGENCY, may terminate this agreement, effective at the end of a calendar quarter specified in the notice, provided, however, that the agreement may be terminated only if it has been in effect not less than five years prior to receipt of such notice.

**(H) TERMINATION BY THE STATE AGENCY FOR CAUSE**

If the STATE AGENCY, after reasonable notice and to comply substantially with any provision of this agree-SION, finds that the POLITICAL SUBDIVISION has failed opportunity for hearing to the POLITICAL SUBDIVI-ment or of Section 218 of the Social Security Act, as amended, the STATE AGENCY shall notify the POLITICAL SUBDIVISION by giving notice in writing that this agreement in accordance with Section 5 (a) (6) of Senate Bill No. 273, Laws of 1952, will be terminated.

Provided further that if the Federal Security Administrator shall terminate the agreement with the State of Mississippi, in its entirety, or as to this political subdivision, at any time, in accordance with the provisions of Section 218 (g) (2) of the Federal Social Security Act, as amended, the date of any such termination shall constitute the date of termination of this agreement.

**(I) FAILURE TO MAKE PAYMENTS WHEN DUE**

In case the POLITICAL SUBDIVISION fails to make, at the time or times due, the payments provided for under this agreement, there shall be added, as part of the amounts due, interest at the rate of six per cent (6%) per annum from the date due until paid, and the STATE AGENCY may recover such amount as is delinquent, plus accrued interest, by action in a court of competent jurisdiction against the POLITICAL SUBDIVISION liable therefor. In addition, upon due certification of the delinquency and at the request of the STATE AGENCY such sums, with interest at the rate of six per cent (6%) per annum may be deducted from any other monies payable to the POLITICAL SUBDIVISION or instrumentality by any department or agency of this State.

The POLITICAL SUBDIVISION hereby exercises its option under the provisions of Senate Bill No. 273 to accept the benefits of Social Security coverage for the employees thereof; unless stated otherwise in the appendix attached hereto.

**(J) EFFECTIVE DATE**

Article I of this Agreement shall be effective on_____MARCH 1, 1951_____

## ARTICLE II.—COVERAGE UNDER THE STATE RETIREMENT PLAN

(A) It is agreed by and between the contracting parties that the provisions of Article II, being Sections 11 through 29 of Senate Bill No. 273, Regular Session, Mississippi State Legislature of 1952, shall apply to the POLITICAL SUBDIVISION. It is further agreed that the APPENDIX hereto attached is by reference made a part hereof as if though it were fully set forth at length.

**(B) DEFINITIONS**

(1) For the purpose of this agreement, the definition of terms shall be those appearing in Section 12 of Senate Bill No. 273 and elsewhere in said Act, except where the context clearly indicates otherwise, subject to the regulation and interpretation of the Board of Trustees of the Public Employees' Retirement System.

(2) The term "employee" includes any office or position of trust or employment of any POLITICAL SUBDIVISION of the State of Mississippi which elects to participate in the provisions of Article II of said Senate Bill No. 273 and shall also include all officers and positions of trust or employment in the employ of joint local and State agencies administering local and State or Federal funds granted to the State or POLITICAL SUBDIVISION for expenditure locally.

(3) The term "employer" means a POLITICAL SUBDIVISION of the State or an instrumentality of the State, or of a POLITICAL SUBDIVISION or both.

(4) The term "state service" means, "state service" as defined in Section 12 (v) of Senate Bill No. 273, Regular Session, Mississippi State Legislature of 1952.

### (C) SERVICE COVERAGE

This agreement covers all services performed by individuals as employees or elective officials of the POLITICAL SUBDIVISION,

*EXCEPT*

Those for whom an election is provided as to whether they individually come under the provisions of Article II, Senate Bill No. 273; those, who by regulation of the Board of Trustees, must serve a probationary period upon re-entry into service before making their certificate of prior service credit final; and the following classes, who are, or may be, specifically excluded:

(1) Service performed by employees employed in a work relief or other program designed to relieve them from unemployment.

(2) Any service (a) of an emergency nature, (b) in any class or classes of elective positions, (c) part-time positions, or (d) the compensation for which is either in whole or in part on a fee basis, if so specified in the appendix to this agreement or in any modification thereof with respect to any coverage group or POLITICAL SUBDIVISION listed therein.

(3) Any person who has retired from service under any retirement system of this State operating for State, county or municipal employees and who is receiving retirement benefits therefrom.

(4) Patient or inmate help in State, county or local charitable, penal or correctional institutions.

(5) Students of any State or local educational institution employed by any agency of the State or local governmental agency for temporary, part-time or intermittent work.

### (D) MEMBERSHIP

The term "membership" shall mean membership in accordance with the provisions of Section 13 of Senate Bill No. 273, except that elected officials shall participate in the provisions of Article II, unless excluded in the APPENDIX attached hereto and made a part hereof.

### (E) CONTRIBUTIONS BY THE POLITICAL SUBDIVISIONS

(1) The POLITICAL SUBDIVISION as a part of this agreement hereby agrees to pay the STATE AGENCY at such time or times as the STATE AGENCY may by regulation prescribe, contributions due under the provisions of Section 21 of Senate Bill No. 273, together with any other sums due under the provisions of Senate Bill No. 273.

(2) The POLITICAL SUBDIVISION as a part of this agreement hereby agrees to reimburse the STATE AGENCY for the benefit of the State Agency by separate payment, at such time or times as the STATE AGENCY may by regulation prescribe, its pro rata share of the total expenses of administration, payable at the rate of five per cent (5%) of the total contributions due the STATE AGENCY which may be reduced hereafter by the STATE AGENCY if conditions warrant, but said rate of five per cent (5%) shall not be increased, except that no such payment for administrative expense may be less than $1.00 per quarter.

### (F) REPORTS

The POLITICAL SUBDIVISION will promptly make any and all reports of wages, contributions, and otherwise, at the time required by law or regulation of the Board of Trustees.

### (G) COMPLIANCE WITH THE LAW AND REGULATION

The POLITICAL SUBDIVISION further agrees that it will comply with all State laws and with such rules and regulations as the STATE AGENCY may prescribe to carry out the purposes of Article II of Senate Bill No. 273, as now written or hereafter amended.

### (H) MODIFICATION

This agreement will be modified at the request of the POLITICAL SUBDIVISION to include additional employees or additional services not now included in this agreement, such modification to be consistent with the provisions of Senate Bill No. 273, but no modification shall be allowed to exclude employees or services included in this agreement, except by termination of membership as provided in Senate Bill No. 273.

**(I) TERMINATION BY THE STATE AGENCY FOR CAUSE**

If the STATE AGENCY, after reasonable notice and opportunity for hearing to the POLITICAL SUBDIVISION, finds that the POLITICAL SUBDIVISION has failed to comply substantially with any provision of this agreement or of Senate Bill No. 273, the STATE AGENCY shall notify the POLITICAL SUBDIVISION by giving notice in writing that this agreement will be terminated, in accordance with the provisions of Section 13-I (j) (5) of Senate Bill No. 273, Laws of 1952.

**(J) FAILURE TO MAKE PAYMENTS WHEN DUE**

In case the POLITICAL SUBDIVISION fails to make, at the time or times due, the payments provided for under this agreement, there shall be added, as part of the amounts due, interest at the rate of six per cent (6%) per annum from the date due until paid, and the STATE AGENCY may recover such amount as is delinquent, and at the request of the STATE AGENCY such sums, with interest at the rate of six per cent (6%) per annum, may be deducted from any other monies payable to the POLITICAL SUBDIVISION by any department or agency of this State.

The POLITICAL SUBDIVISION, __CITY OF JACKSON, MISSISSIPPI__ hereby exercises its option under the provisions of Article II of Senate Bill No. 273 to accept the benefits of STATE RETIREMENT coverage for the employees thereof, unless stated otherwise in the appendix attached hereto.

**(K) EFFECTIVE DATE**

ARTICLE II of this agreement shall be effective on __JANUARY 1, 1953__

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This agreement is entered into on the __21st__ day of __JULY__, 195_2_ between the State of Mississippi acting herein, by and through the Board of Trustees of the Public Employees' Retirement System by W. R. Hough, Executive Secretary of said Retirement System by authority vested in him by the Board of Trustees of said Retirement System, pursuant to the provisions of Senate Bill No. 273, Laws of 1952, Approved April 15, 1952, and __CITY OF JACKSON, MISSISSIPPI__, a POLITICAL SUBDIVISION by its governing authority pursuant to the Resolution or Ordinance of the POLITICAL SUBDIVISION attached hereto and made a part hereof.

STATE OF MISSISSIPPI
PUBLIC EMPLOYEES RETIREMENT SYSTEM

By _W. R. HOUGH_     _Executive_ Secretary

__CITY OF JACKSON, MISSISSIPPI__
(POLITICAL SUBDIVISION)

By __CITY COUNCIL - CITY OF JACKSON, MISSISSIPPI__
(GOVERNING AUTHORITY)

_Allen C. Thompson_
(MAYOR)

_R. J. Luther_
(COMMISSIONER)

_Mrs. D. B. Sharron_
(COMMISSIONER)

(SEAL) ATTEST:

_Mrs. J. K. Skinner_

(Attach certificate of Clerk)

## APPENDIX TO ARTICLE I OF THIS AGREEMENT

This appendix is to be attached to and become a part of the agreement made and entered into the _____ day of ___JULY 21_____, 195_2___, by and between the Board of Trustees of the Public Employees' Retirement System of Mississippi and the_____CITY OF JACKSON, MISSISSIPPI_____ POLITICAL SUBDIVISION.

It is understood and agreed that in addition to the employees of the POLITICAL SUBDIVISION excluded from the provisions of Old Age and Survivors Insurance benefits under the Social Security Act, under the terms and provisions of Part (C), Article I of the agreement to which this appendix is attached, the employees in the following marked classifications of positions in POLITICAL SUBDIVISION shall likewise be excluded from coverage:

[X] (1) All services of an emergency nature.

[ ] (2) Elective positions

[X] (3) Part-time positions

[X] (4) Positions the compensation for which is either in whole or in part on a fee basis.

[X] (5) Any agricultural labor or service performed by a student, otherwise excluded from employment by any provision of Section 210 (a) other than paragraph (8) of such Section of the Federal Social Security Act.

IMPORTANT! PLEASE NOTE: If the POLITICAL SUBDIVISION wishes to *exclude* employees engaged in performing services in any one or all of the above listed classifications, numbered (1) through (5) from coverage under the Social Security Act, it shall place a cross (X) or check mark (√) in the box to the left of the classification desired to be excluded. Otherwise, such employees shall be covered by Social Security.

## APPENDIX TO ARTICLE II OF THIS AGREEMENT

This appendix is to be attached to and become a part of the agreement made and entered into the __21st__ day of ____JULY_____, 19_52___, by and between the Board of Trustees of the Public Employees' Retirement System of Mississippi and the_CITY OF JACKSON, MISSISSIPPI_ POLITICAL SUBDIVISION.

It is understood and agreed that in addition to the employees of the POLITICAL SUBDIVISION excluded from the provisions of Old Age and Survivors Insurance benefits under Article II, Senate Bill 273, under the terms and provisions of Part (C), Article II of the agreement to which this appendix is attached, the employees in the following marked classifications of positions in POLITICAL SUBDIVISION shall likewise be excluded from coverage:

[X] (1) All services of an emergency nature.

[ ] (2) Elective positions.

[X] (3) Part-time positions.

[X] (4) Positions the compensation for which is either in whole or in part on a fee basis.

IMPORTANT! PLEASE NOTE: If the POLITICAL SUBDIVISION wishes to *exclude* employees engaged in performing services in any one or all of the above listed classifications numbered (1) through (4) from coverage under Article II, Senate Bill 273, it shall place a cross (X) or check mark (√) in the box to the left of the classification desired to be excluded. Otherwise, such employees shall be covered by Article II, Senate Bill 273.

# APPENDIX

Name of POLITICAL SUBDIVISION _____ CITY OF JACKSON _____

1. Source or sources of funds from which the required payments are to be made by the POLITICAL SUBDIVISION in conformity with this agreement, and subsequent modifications thereof, and assurance that such sources from which such funds are to be derived will be adequate for such purposes.

    _____ GENERAL FUND DERIVED FROM MILLAGE AND OTHER REVENUE _____

2. Name, title and address of officer designated to act as the custodian of all funds collected and who will be responsible to the STATE AGENCY for delivery of such funds. The STATE AGENCY is to be notified immediately of any change.

    _____ A. B. HUEY, COMPTROLLER, CITY HALL, JACKSON, MISSISSIPPI _____

3. Name, title and address of officer designated in charge of payroll records, together with the name of the agency and business address in each case where the payroll records are maintained in more than one location. The STATE AGENCY is to be notified immediately of any change.

    _____ A. B. HUEY, COMPTROLLER, CITY HALL, JACKSON, MISSISSIPPI _____

4. Indicate for each payroll unit in accordance with paragraph 3 above, the approximate number of employees to be reported by such unit. (If more space is needed, attach extra sheets):

    _____ ONE THOUSAND _____

5. All payroll reports together with payments of contributions from the POLITICAL SUBDIVISION pursuant to regulations are to be submitted to W. R. Hough, Executive Secretary Public Employees' Retirement System of Mississippi, State Office Building, Jackson, Mississippi, and will be *DUE IN JACKSON OFFICE* quarterly covering the following periods:

    (a) Article I.—Retroactive coverage under Social Security, six (6) quarters more or less, depending upon agreement; report due *30 days after end of last quarter.*

    Thereafter, the report for each calendar quarter (July—September; October—December; January—March; April—June, etc.,) shall be due *10 days after the end of the preceding calendar quarter.*

    (b) Article II.—Reporting periods shall be the same as in the case of Social Security. The due date for such reports, beginning *10 days after the end of the preceding quarter of coverage.*

# RESOLUTION OR ORDINANCE

A RESOLUTION (OR ORDINANCE) TO EXTEND THE PROVISION OF ARTICLES I. AND II., SENATE BILL NO. 273, REGULAR SESSION, MISSISSIPPI LEGISLATURE OF 1952, PROVIDING SOCIAL SECURITY AND STATE RETIREMENT TO ELIGIBLE EMPLOYEES OF __CITY OF JACKSON__
*(Political Subdivision or Instrumentality)*
(IF BOTH ARTICLES I. AND II. ARE NOT ADOPTED, STRIKE OUT IN LINE ONE ABOVE THE ARTICLE TO BE OMITTED.)

BE IT RESOLVED (ORDAINED) by the __COUNCIL__ of the
*(governing body)*
__CITY OF JACKSON__, Mississippi:
*(political subdivision)*

SECTION 1. It is hereby declared to be the policy and purpose of the __CITY OF JACKSON__,
*(political subdivision)*
Mississippi, to extend the provisions of Articles I. and II., Senate Bill No. 273, Regular Session, Mississippi Legislature of 1952, providing Social Security and State Retirement to eligible employees and officers of said __CITY OF JACKSON__ (If both articles are not adopted strike out in line 2
*(political subdivision)*
above the article to be omitted). In pursuance of said policy, and for that purpose, the officers of the __CITY OF JACKSON__ shall take such action as may be required by applicable State
*(political subdivision)*
or Federal laws or regulations.

SECTION 2. The __MAYOR & CITY CLERK__ of the __CITY OF JACKSON__,
*(designated officers)* *(political subdivision)*
Mississippi, are hereby authorized and directed to execute an agreement with the Public Employees' Retirement System of Mississippi to secure coverage of eligible employees as provided in Section 1 hereof.

SECTION 3. Withholdings from salaries or wages of employees for the purposes provided in Section 1 hereof are hereby authorized to be made in the amounts and at such times as may be required by applicable State and Federal laws and regulations, and shall be paid over to the STATE AGENCY in such amounts and at such times as are designated by State laws and regulations.

SECTION 4. Employer contributions and administrative expense shall be paid to the STATE AGENCY in accordance with applicable State laws and regulations from amounts appropriated for such purposes.

SECTION 5. The __COMPTROLLER__ shall maintain such records and submit such re-
*(designated officer)*
ports as may be required by applicable State and Federal laws or regulations.

SECTION 6. This Resolution *(or Ordinance)* shall take effect and be in full force from and after its passage (and approval).

Passed (and approved) this __17th__ day of __July__, 195__2__.

(GOVERNING BODY):

ATTEST:

*/s/ Mrs. R. Skinner*
*(Attach certificate of Clerk)*

*/s/ Allen C Thompson*
(MAYOR)

*/s/ R. S. Luther*

*/s/ Mrs. L. B. Sharron*