**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

JOHNNY A. BASS, SR., DAVID H. CAMPBELL,
WILBERT P. GARDNER, HAROLD ADES,
AND ROBERT HINES                                                                PLAINTIFFS

vs.                                                                No. 3:09-CV-549-CWR-FKB

CITY OF JACKSON, MISSISSIPPI                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiffs' Motion for Rule 72(A) Appeal* [Docket No. 161],

and their memorandum thereto. The Court finds that Plaintiffs' arguments are without merit and

hereby affirms the decision of the Magistrate Judge [Docket No. 158] decided on June 24, 2011.

By Order dated on June 24, 2011, Magistrate Judge Keith Ball granted Plaintiffs' motion

in part and denied in part [Docket No. 158].  Specifically, he ordered that "Defendant shall

produce the pay records of Plaintiff Hines from January 2010 to present." *Id*.  "Defendant is

ordered to produce those records within five (5) days of entry of this order." *Id*.

Plaintiffs' timely filed their objections to the Magistrate Judge's Order [Document No.

161] on July 8, 2011.  In their appeal, Plaintiffs simply point to the pleadings previously

submitted to the magistrate judge [Docket No. 154 and 156], but they fail to elaborate on how

the magistrate judge abused his discretion.  Nor have they pointed to evidence or case law which

establishes that the magistrate judge's decision was erroneous in any regard.

**STANDARD OF REVIEW**

The decision of a magistrate judge is reviewed "de novo" where that decision is

dispositive, *see* 28 U.S.C. § 636(b)(1)(B)-(C), and a district court applies the  "clearly erroneous

or contrary to law" standard when reviewing the magistrate judge's resolution of nondispositive

matters.  See 28 U.S.C. 636(b)(1)(A).  *Accord*.  Fed. R.Civ.P.72(a).  The district court reviewing

a "non-dispositive order shall give it "substantial deference" and cannot disturb a factual finding "unless. . . the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Grand Oaks, Inc. v. Anderson*, 175 F.R.D. 2247, 248 (N.D. Miss. 1997); *American Realty Trust, Inc. v. Matisse Capital Partners*, L.L.C., 2001 WL 1029466, *1 (N.D. Tex. 2001) (citation omitted).   If the district court determines that the ruling is clearly erroneous or contrary to law, it may modify or set aside the ruling. *United States v. Case*, 2008 WL 1958176, *1 (S.D. Miss. 2008).

This Court has held that orders regarding requests for sanctions are generally nondispositive in nature.   *Hutson v. Mississippi Hosp. Ass'n*, No. 3:11-cv-00113-CWR-FKB, 2011 WL 3793919, at * 2 (S.D. Miss. Aug. 24, 2011).   And, the decision to grant or deny sanctions is left to the sound discretion of the magistrate judge.   *Id.*, *citing Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010).   *Accord*. *Covington v. Patriot Motorcycles Corp.*, 2008 WL 1971388, *1  (D. Ariz. May 2, 2008)(citing *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *Hammond v. City of Junction City, Kan.*, 126 Fed. Appx. 886, 890 (10th Cir. March 2, 2005)("There is no question that the imposition of sanctions is one of the many nondispositive matters that a magistrate judge may decide.")(citing *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997)). However, "the imposition of certain sanctions under Rule 37, in some instances, may be considered case-dispositive, requiring de novo review." *Hutson, supra.*  Here, Plaintiffs make the specific request of  this Court "that the Court alter [the] prior Order [of the magistrate judge] to require Defendant to properly respond to all of the discovery requests identified in Plaintiff's third motion to compel" [Docket No. 161 at 3], while at the same time directing the Court to impose the remedies previously submitted to the magistrate judge for consideration which

2

included the granting of a default judgment against Defendant [id at 2]. Therefore, at least to some degree, they beg for relief which is both nondispositive and dispositive. For this reason, the Court will review the magistrate's ruling involving nondispositive determinations for clear error and that which involves dispositive relief *de novo*.

## DISCUSSION

The magistrate's determination denying the motion for sanctions involved factual findings which derived primarily from the magistrate judge's review of the pleadings and arguments of counsel. After review of the record, and Plaintiffs' generic directive for the undersigned to review the pleadings, the Court is unable to declare that the magistrate judge's findings constitute any error, even in the areas where no deference is afforded to him. To some extent, what Plaintiffs ask this Court to do is to make the quantum leap, without any basis, that the magistrate judge's ruling was erroneous because they were entitled to dispositive relief. However, even upon a *de novo* review, the circumstances do not warrant a default judgment or any other sanction of a dispositive nature. In as much as Plaintiffs argue that the magistrate judge's rulings involving sanctions which would entitle them to attorney's fees, responses to discovery requests, or any other relief of a nondispositive nature were clearly erroneous, this Court, declines to travel down that road and elects to maintain fidelity to the findings a reviewing court must make before reaching a determination of manifest error.

While the Court does recognize that Plaintiffs have indicated in their previous attempts to persuade the lower court that there was no basis for Defendants witholding discovery responses in light of the magistrate judge's previous rulings, simply throwing the language manifest error in the appeal combined with a directive to review the pleadings is not enough to cause this Court to disturb the magistrate judge's decision. Instead, Plaintiff should have

provided the Court with factual or legal support for their contention that the lower court erred in denying their request to award sanctions.  In this regard, they failed.  Accordingly, the decision of the magistrate judge is affirmed.

## CONCLUSION

IT, IS THEREFORE, ORDERED AND ADJUDGED that, *Plaintiffs' Motion for Rule 72(A) Appeal* [Docket No. 161] should be and hereby is DENIED.

SO ORDERED, this the 20th day of March, 2012.

s/Carlton W. Reeves_____
UNITED STATES DISTRICT JUDGE